IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | |
| OF THE UNITED STATES OF AMERICA ) | Magistrate No.  22-1315 |
| FOR AN ORDER AUTHORIZING THE ) | |
| MONITORING OF A MOBILE TRACKING ) | [UNDER SEAL] |
| DEVICE IN OR ON A 2013 CHEVROLET ) | |
| EQUINOX SUV, PENNSYLVANIA ) | |
| LICENSE PLATE LDX-4433 ) | |

APPLICATION AND AFFIDAVIT FOR A
MOBILE TRACKING DEVICE ON A MOTOR VEHICLE

I, Alisha A. Galbus, being duly sworn, depose and say:

1.	I am a Deputy United States Marshal of the United States Marshals Service (USMS).  I have been employed as such for approximately 10 years and have been participating in fugitive investigations with the USMS relating to the violation of Federal firearm laws as found Title 18 United States Code during that period.

2.	I have knowledge of the facts set forth in this affidavit based on my own participation in this investigation and based on information provided to me by others mentioned herein.

3.	Upon information and belief, a 2013 Chevrolet Equinox SUV, license plate number LDX-4433 (PA), Vehicle Identification Number (VIN) 2GNFLCEK1D6207823, registered to Javon Anthony POPE and Dalesha L. RUSSELL, 1635 Federal Street, Pittsburgh, Pennsylvania 15212 (the "TARGET VEHICLE"), used by Javon POPE and Dalesha RUSSELL, is being utilized to contact target, Javon POPE.  On September 25, 2020, a grand jury sitting in the Western District of Pennsylvania filed an Indictment against Javon POPE, for federal felony offenses enumerated in the Title 18, United States Code 2232(a) and 922(g)(1), Attempting to

Remove Property to Prevent Seizure and Felon in Possession of a Firearm. A sealed federal arrest warrant in the Western District of Pennsylvania was ordered as a result of this Indictment. An active sealed federal arrest warrant is in effect as a result of this Indictment.

4. Your affiant further states that there is probable cause to believe that the installation of a mobile tracking device placed in or on the subject vehicle, and monitoring of the mobile tracking device, pursuant to Title 18, United States Code, Section 3117, and Fed.R.Crim.P. 41, will lead to evidence of the aforementioned violation in that it will help identify the location of Javon POPE, who has been indicted for the aforementioned federal violations.

5. The sources of your affiant's information and the grounds for her belief are as follows:

6. Since April 2, 2021, your Affiant has spoken on the telephone with Dalesha RUSSELL multiple times, who is POPE's paramour. RUSSELL was also POPE's bond indemnitor in August 2019. RUSSELL indicated to Your Affiant that she and POPE share two young male children together.

7. Through the course of the fugitive investigation, your Affiant learned that RUSSELL and POPE share the TARGET VEHICLE as it is registered in both of their names. Additionally, as recently as May 4, 2022, the TARGET VEHICLE was involved in a vehicle accident. RUSSELL filed the insurance claim in POPE's name as he is the primary driver listed on the insurance policy for the TARGET VEHICLE.

8. On September 8, 2022, Your Affiant queried the TARGET VEHICLE in a license plate reader system in Allegheny County. Your Affiant observed POPE operating the TARGET VEHICLE on July 30, 2022.

9. On September 14, 2022, Your Affiant observed RUSSELL depart her

residence, 1635 Federal St. Pittsburgh, PA 15212, with her two children shared with POPE in the back seat. Your Affiant observed RUSSELL drive to a gas station in the area and take both children out of the vehicle as though she was waiting on someone to pick them up. RUSSELL and the children stood outside of the vehicle while RUSSELL was on her phone for approximately 8 minutes. RUSSELL put both children back into the vehicle and departed the location in the TARGET VEHICLE.

10. Your Affiant developed information that RUSSELL would be starting a new job at "First Student" in the Pittsburgh area. On September 27, 2022, Your affiant observed the TARGET VEHICLE parked near First Student Inc. 150 S. 24th St. Pittsburgh, PA 15203.

11. Your affiant has reason to believe that RUSSELL uses the TARGET VEHICLE to see and transport POPE as well as POPE also operates the vehicle.

12. Your affiant has further reason to believe that RUSSELL still has personal contact with POPE in that during the interviews of RUSSELL, she stated she does not have contact with POPE, but your Affiant saw POPE operating the TARGET VEHICLE after those statements. Since none of POPE and RUSSELL's children are old enough to operate a vehicle, it is likely that RUSSELL is utilizing the TARGET VEHICLE to transport the children to see POPE. Additionally, as the TARGET VEHICLE is shared with POPE, he would likely be operating the vehicle at times as well.

13. Based upon the foregoing, your affiant believes that use of a mobile tracking device is an essential investigative technique. In this investigation, your affiant believes that a tracking device will provide much needed details of the whereabouts of Javon POPE. From the investigation of law enforcement, RUSSELL is in close contact with POPE. Moreover, this investigation has led your affiant to believe that POPE is very surveillance conscience, meaning

that he is aware that he is being sought by law enforcement, looks for law enforcement presence, and that he takes precaution in his daily activities to evade detection and arrest. Continued attempts at physical surveillance could lead to the detection of law enforcement activity and could potentially pose a dangerous situation to law enforcement personnel. This fact is especially true because POPE is wanted on federal weapons violations. Your affiant believes that a tracking device would minimize the need for physical surveillance which can be detected by targets, especially those who are alert and evading arrest, by providing information on the location of the TARGET VEHICLE to identify the location of POPE.

14. In order to track the movement of the subject vehicle effectively and to decrease the chance of detection, I seek to place a mobile tracking device in or on the TARGET VEHICLE while it is in the Western District of Pennsylvania. Because your affiant knows that RUSSELL parks the TARGET VEHICLE at her residence, it may be necessary to enter onto private property in order to affect the installation of the mobile tracking device. Also, to avoid detection, it may be necessary to enter the private property after 10:00 pm or before 6:00 am. Thus, this warrant seeks authority to enter the private properties located at 1635 Federal St. Pittsburgh, PA 15212 and at 150 S. 24th St. Pittsburgh, PA 15203 at to do so at any time day or night.

15. In the event that the Court grants this application, there will be periodic monitoring of the mobile tracking device during both daytime and nighttime hours for the next 45 days. In addition, the mobile tracking device may produce signals from inside private garages or other such locations not open to public or visual surveillance.

16. In accordance with Title 18, United States Code, Section 3103a(b), I request that the Court order delay notification of the execution of the order for a period not to exceed 45

days (or some lesser period) because there is reasonable cause to believe that providing immediate notification would seriously jeopardize the investigation. It is requested that such period of delay thereafter be extended by the court for good cause shown, subject to the condition that extensions should only be granted upon an updated showing of the need for further delay.

WHEREFORE, your affiant respectfully requests that the Court issue an order authorizing agents of the Department of Justice, including the United States Marshals Service or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install and remove a mobile tracking device in or on the TARGET VEHICLE; to enter onto private property to effect said installation and removal; to surreptitiously enter the vehicle to effect said installation and removal; and to monitor the signals from that tracking device, for a period of 45 days following the issuance of the Court's order, including signals produced from inside private garages and other locations not open to the public or visual surveillance, and signals produced in the event that the subject vehicle leaves the Western District of Pennsylvania but remains within the United States.

*s/Alisha A. Galbus*  
Alisha A. Galbus  
Deputy U.S. Marshal  
United States Marshals Service

Sworn and subscribed before me, by telephone  
Pursuant to Fed. R. Crim. P. 4.1(b)(2)(A).  
This 29th day of September, 2022.

_____  
HONORABLE MAUREEN P. KELLY  
UNITED STATES MAGISTRATE JUDGE